### Charles ESTEL

v.

### BIGELOW MANAGEMENT, INC., et al.

### No. 4:04CV311.

United States District Court, E.D. Texas, Sherman Division.

Feb. 10, 2005.

Peggy Jean Moore, Gabriel H. Robles, Dallas, TX, for Plaintiff.

Timothy Uptegrove Stanford, Downs & Stanford, Dallas, TX, Steven A. Stefani, Las Vegas, NV, for Defendants.

### *MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

SCHELL, District Judge.

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been heretofore referred to United States Magistrate Judge Don D. Bush pursuant to 28 U.S.C. § 636. On January 19, 2005, the Report of the Magistrate Judge was entered containing his proposed findings of fact and recommendation that the Defendants' Motion for Summary Judgment be GRANTED and the above titled and numbered cause DISMISSED with prejudice.

After considering the report of the United States Magistrate Judge and making a *de novo* review of the objections raised by Plaintiff thereto, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of Plaintiff are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is, therefore,

**ORDERED, ADJUDGED** and **DE-CREED** that the Defendants' Motion for Summary Judgment is GRANTED and the above titled and numbered cause is DISMISSED with prejudice.

## *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

BUSH, United States Magistrate Judge.

Defendants, Bigelow Management, Inc. and Bigelow Colorado Limited Liability Company d/b/a Budget Suites of America ("Bigelow") move for summary judgment on the ground that Plaintiff, Charles Estel, is judicially estopped from maintaining this cause of action. After considering the motion, response and affidavits submitted herein, the Court finds that Bigelow's motion is meritorious and should be granted.

Estel was an employee for Bigelow in Lewisville, Texas. On May 14, 2004, he filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), claiming he was a victim and subjected to retaliation after he reported a sexual harassment complaint. On June 22, 2004, the EEOC issued its "Notice of Right to Sue." On or about July 27, 2004, Estel filed a voluntary petition for bankruptcy under Chapter 7 in the Bankruptcy Court for the Western District of Arkansas. He was represented by separate counsel in the bankruptcy proceeding. When Estel filed for bankruptcy, he submitted a schedule of property under oath. The schedule required that he list other contingent and unliquidated claims of every nature. He answered, "none." Bigelow contends that he was required to list the EEOC claim on the schedule and thereafter amend as to the lawsuit.

On September 2, 2004, Estel filed his complaint in this Court. He seeks damages in excess of one million dollars for Bigelow's conduct. Bigelow contends that at no time did Estel amend the schedule to reflect this suit. On or about November 9, 2004, Plaintiff was discharged from bankruptcy by order of the Bankruptcy Court. Estel submitted an affidavit to which Bigelow objects. The Court finds that the objection is not valid and that the Court may consider the affidavit since it is relevant at least as to intent or motive. FED. R. EVID. 803(3).

Estel says he sought bankruptcy representation from Mr. Horton in Arkansas. He said he met with Horton on July 26, 2004 and told him that he *might* be a party to a lawsuit. He said Horton told him that the claim did not need to be disclosed. Estel stated that when he picked up his bankruptcy papers he was again assured that the potential lawsuit should not be listed. He also informed Horton of the EEOC notice of his right to sue and was again assured that the claim did not need to be listed. Estel states that when he received a copy of Bigelow's Motion for Summary Judgment, he called Horton's office to inquire as to their malpractice coverage. Estel states that he had no intention to conceal the lawsuit and told his bankruptcy attorney that he intended to file suit several times.

No mention is made by affidavit whether Estel notified his counsel after the filing of the suit. Estel states that he wants his creditors to share in any recovery he may get from Bigelow. Horton has now filed a petition in Bankruptcy Court seeking to reopen the case in order to amend the schedule. According to the Motion to Reinstate, Horton states that he mistakenly left out a potential asset of the estate. Nowhere does the Motion state that Horton was aware of the claim before the petition was filed, but only that it was mistakenly left out. Nowhere does the Motion state that Estel inquired about the

claim and was mistakenly told that there was no need to file it on the schedule.

As expected, Estel's counsel states that there is a fact issue as to Estel's motive or intent and that summary judgment is not warranted. In the alternative, Estel's counsel requests that the Court wait until the matter is resolved in the Bankruptcy Court before ruling herein. The Court believes that under clear precedent from the Fifth Circuit, Estel's subjective or objective intent does not rescue him from Bigelow's defense of judicial estoppel. Even if everything Estel has sworn to as true is in fact true, there is no fact issue to resolve.

In disposing of a summary judgment motion, the Court must decide whether there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is material if it involves a fact that might affect the outcome of the suit under the governing law. *Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir.1994). All reasonable doubts and inferences must be decided in the light most favorable to the party opposing the motion. *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640 (5th Cir.1985). In other words, the movant bears a heavy burden on a motion which challenges the right of a litigant to have his case submitted to the fact finder.

Judicial estoppel is a common law doctrine which prevents a party from assuming inconsistent positions in litigation. *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988). The underlying purpose of the doctrine is to protect the integrity of the judicial system. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir.1999). Detrimental reliance by one's opponent is not required. *Id.* The Fifth Circuit recognizes three particular requirements: first, the party is estopped only if its position is clearly inconsistent with the previous one; second, the court must have accepted the previous position; and third, the non-disclosure must not have been inadvertent. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir.2004).

### Estel's Inconsistent Position

The first requirement is one of an inconsistent position. The Bankruptcy Code and Rules impose an express and affirmative duty on debtors to disclose all assets, including contingent and unliquidated claims. *Id.* Omission of a personal injury claim from mandatory bankruptcy filings is tantamount to a representation that no such claim exists. *Id.* As the Court in *Crewboats* noted, "such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry." *Id.*

### Position Adopted

Here, the Bankruptcy Court adopted Estel's position that there was no claim or suit. By issuing a no asset discharge, it adopted Estel's position that there were no assets. *Id.*

### Estel's Non-disclosure was Not Inadvertent

"The debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id., citing Coastal Plains*, 179 F.3d at 210. There must be a showing that Estel was unaware of the facts giving rise to his claim, not the duty to report the claim. *Coastal Plains*, 179 F.3d at 212. By Estel's own admission, he had knowledge. He says that he mentioned it several times to his lawyer. However, there is no evidence that he ever mentioned the suit when it was filed. He certainly had the motive, in that recovery would have

amounted to a windfall without full disclosure to the creditors. *Id.* at 336. According to the Court in *Crewboats,* the debtor should not be able to reopen the bankruptcy proceeding and amend his petition. *Id.* This is the very abuse that judicial estoppel was designed to prevent. "Allowing [the debtor] to back-up, reopen the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them." *Id., quoting Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1288 (11th Cir. 2002).

Estel's argument that it is all his lawyer's fault is not persuasive. First, there is no evidence that he ever notified his attorney that he actually filed suit, but only that he intended to file suit. This must have been worrisome to Estel since, by his affidavit, he mentioned the claim many times. Second, the motion filed by Horton states that he mistakenly left out an asset. He does not state that he had notice of the claim prior to discharge, but only that he left out an asset, which could imply that once he was tipped off by Estel, he tried to do the very thing that *Burnes* and *Crewboats* warn against. Estel has failed to demonstrate that he ever disclosed the actual filing of the suit to anyone. Third, you take them as you get them. If Estel "chose poorly" in his selection of counsel, such does not provide relief here. The Court finds that the conduct of Estel does not operate to relieve him of the harsh consequences resulting from application of the doctrine. Some cases have not foreclosed debtors from pursuing claims not previously disclosed. *See generally, Pealo v. AAF McQuay, Inc.,* 140 F.Supp.2d 233 (N.D.N.Y.2001); *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355 (3rd Cir. 1996) (requiring a showing of intentional

fraud). However, these cases are inapposite to the rule of law in this circuit.

The facts in the case of *Barger v. City of Cartersville,* 348 F.3d 1289 (11th Cir.2003) are similar to those in this case. In the *Barger* case, the court rejected the debtor's claim of inadvertence due to his attorney's failure to list a claim in his schedule of assets in bankruptcy and held that the debtor was judicially estopped from asserting the claim. The court said:

> Although it is undisputed that Barger's attorney failed to list Barger's discrimination suit on the schedule of assets despite the fact that Barger specifically told him about the suit, the attorney's omission is no panacea. As the Supreme Court stated in *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (citations omitted), "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely elected agent." (citations omitted). "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping the suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Id.* at 634 n. 10, 82 S.Ct. 1386 (citations omitted).
>
> Even if Barger's failure to disclose could be blamed on her attorney, the nondisclosure could not in any event be considered inadvertent. The failure to comply with the Bankruptcy Code's disclosure duty is "inadvertent" only when a party

either lacks knowledge of the undisclosed claim or has no motive for their concealment. *See In re Coastal Plains,* 179 F.3d 197, 210 (5th Cir.1999).

*Barger v. City of Cartersville,* 348 F.3d at 1295.

 Plaintiff admitted that both he and his bankruptcy attorney *knew* about his claims against these defendants when he filed for bankruptcy. They both failed to include the claims on Plaintiff's schedule of assets. By blaming his attorney, Plaintiff does not absolve himself from responsibility or from the consequences of such failure. "The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds." *United States. v. 7108 W. Grand Ave.,* 15 F.3d 632, 634 (7th Cir.1994). In *United States v. Texas,* 523 F.Supp. 703, 711 (E.D.Tex.1981), the Court said the following regarding the binding nature of an attorney's acts:

> The justification for attributing these acts of an attorney to his client during litigation is readily apparent. In preparing pleadings, conducting discovery, participating in the formulation of a pretrial order, examining witnesses, introducing evidence, filing motions, presenting argument, and carrying out a plethora of other responsibilities in the course of trial, an attorney necessarily serves as the agent of his client. Unless all of the attorney's efforts on his client's behalf are binding in a legal sense, the entire judicial process, including the outcome of that process, is devoid of validity with respect to the parties themselves.

 The Court finds that Estel is estopped from bringing this suit in any event. As a general rule, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. *Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268 (11th Cir.2004). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate. 11 U.S.C. § 541(a)(1). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Parker,* 365 F.3d at 1272. Therefore, the proper party to have brought the suit would have been the trustee unless the trustee elected not to pursue the claim for the creditors.

### RECOMMENDATION

Based on the foregoing rationale from this circuit, plaintiff is foreclosed from proceeding in the case before the Court. It may be viewed as a harsh remedy, but the bankruptcy courts and courts of this country have a right to insure that complete candor surrounds all proceedings. It is therefore recommended that the Defendants' Motion for Summary Judgment be GRANTED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988).

Dated Jan. 19, 2005.