# United States Court of Appeals
## For the First Circuit

No. 04-2050

ERIN GOODWIN, AS EXECUTRIX OF THE ESTATE OF GARY LUNNIN,

Plaintiff, Appellant,

v.

C.N.J., INC., D/B/A "CARPETMAX OF WHITMAN," ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

Robert S. Wolfe and Robert Wolfe Associates, P.C. on brief for appellant.

Paul J. Murphy, Kevin P. Sweeney, and Menard, Murphy & Walsh LLP on brief for appellees.

January 30, 2006

**SELYA**, <u>Circuit Judge</u>. Gary Lunnin, an independent carpet installer, brought a claim under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, against C.N.J., Inc., a retailer of commercial and residential carpeting, and two of its functionaries, Joseph Speredelozzi and Paul Phillips (collectively, C.N.J.). Lunnin alleged that C.N.J. had discriminated against him on the basis of a disability (i.e., his affliction with HIV) and sought both injunctive relief and pecuniary damages. Finding Lunnin's factual proffer inadequate, the district court granted summary judgment in favor of the defendants.

Lunnin took a timely appeal but died before it could be heard. His personal representative, Erin Goodwin (the Executrix), successfully moved for substitution as party plaintiff. <u>See</u> Fed. R. App. P. 43(a)(1); Fed. R. Civ. P. 25(a). The defendants now seek summary disposition on grounds of mootness and want of subject-matter jurisdiction. The Executrix opposes the motion. Since the case is fully briefed, we decide it after full consideration.

In the end, we conclude that the claim for injunctive relief is moot; that the district court lacked jurisdiction to hear and determine the claims for pecuniary damages; and that the ancillary prayer for attorneys' fees does not save the suit. Consequently, we dismiss the appeal in part and, as to what remains, affirm the judgment below.

# I.

## Background

The facts germane to the disposition of this appeal are not in dispute.

At the dates relevant hereto, C.N.J. operated a retail carpet store in Whitman, Massachusetts. From time to time, it engaged the services of independent contractors to install carpeting purchased by its customers. Installers who wished to undertake such assignments would report on a daily basis to a warehouse adjacent to C.N.J.'s retail emporium. In the 2000-2001 time frame, Lunnin, initially as a subcontractor to an installer and subsequently as an installer in his own right, repaired to the warehouse in search of installation assignments. C.N.J.'s management and staff allegedly subjected him to discriminatory treatment directed at both his sexual orientation and his affliction with HIV.

Lunnin's retort was twofold. First, he began to ply his trade wholly independent of C.N.J. Second, he filed a complaint with the Massachusetts Commission Against Discrimination. He eventually withdrew that filing and, on October 24, 2002, brought a civil action in the United States District Court for the District of Massachusetts. His complaint alleged causes of action under Title I and Title III of the ADA, 42 U.S.C. §§ 12112, 12182, and a miscellany of state-law claims. Only the Title III claim is

implicated by this appeal. With respect to that claim, Lunnin prayed for relief in the form of compensatory damages, punitive damages, an injunction, and attorneys' fees pursuant to 42 U.S.C. § 2000a-3(b).

After discovery had taken place, Lunnin conceded that he was an independent contractor, not an employee of C.N.J., and voluntarily dismissed his Title I claim. The district court, in a bench decision, thereafter granted the defendants' motion for summary judgment with respect to the Title III claim. The court ruled that 42 U.S.C. § 12182(a) did not cover the alleged discrimination because the warehouse, which serviced only C.N.J.'s own needs and those of independent contractors catering to C.N.J., was not a "public accommodation" within the meaning of the statute. As an alternate ground, the court concluded that (i) Title III of the ADA did not authorize an award of damages and (ii) there was no live controversy sufficient to ground injunctive relief thereunder because Lunnin had indicated, during a deposition, that he had no intention of returning to C.N.J. to seek installation work. Finally, the court, as a matter of discretion, dismissed the state-law claims without prejudice. See 28 U.S.C. § 1367(c)(3); see also Martinez v. Colon, 54 F.3d 980, 990-91 (1st Cir. 1995). Judgment entered on May 14, 2004. This timely appeal followed.

In his appellate brief, Lunnin argued that he was entitled, at a minimum, to injunctive relief under Title III. He

-4-

also argued that the remedial framework of Title III contemplates a damages remedy in the nature of restitution. Therefore, his Title III claim was neither moot nor beyond the compass of the district court's subject-matter jurisdiction.[1] The defendants disagreed with all of these propositions. Following full briefing, Lunnin's death on April 3, 2005, the appointment of the Executrix, and the allowance of her motion to substitute, this appeal is now ripe for decision.

## II.

### Analysis

We divide our substantive discussion into three segments. We deal first with the claim for injunctive relief, then with the claim for monetary damages, and, finally, with the claim for attorneys' fees.

### A.

### Injunctive Relief

In addressing the claim for injunctive relief, we begin with bedrock: the general rule is that, in a federal court, justiciability requires the existence of an actual case or controversy. See U.S. Const. art. III, § 2, cl. 1; see also Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). The "case or controversy" requirement persists at all stages of the litigation

---

[1]Lunnin did not contest either the dismissal with prejudice of the Title I claim or the dismissal without prejudice of the state-law claims.

-5-

and not merely at the time suit is instituted.  See Roe v. Wade, 410 U.S. 113, 125 (1973); see also Erwin Chemerinsky, Federal Jurisdiction 125-26 (4th ed. 2003) (collecting cases).  If events transpire following the taking of an appeal that make it impossible for the court of appeals to provide effective relief, the matter is no longer justiciable.  Matos v. Clinton Sch. Dist., 367 F.3d 68, 72 (1st Cir. 2004).

Whether a plaintiff has a sufficient stake in the litigation is measured, at the commencement of an action, through the doctrine of standing.  See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980).  Whether subsequent events have dissipated the plaintiff's interest is assessed through the prism of mootness. Becker v. FEC, 230 F.3d 381, 386 n.3 (1st Cir. 2000); Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993).  A case becomes moot if, at some time after the institution of the action, the parties no longer have a legally cognizable stake in the outcome. Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam).  Thus, the first question we must confront is whether Lunnin's demise renders his flagship claim — his prayer for injunctive relief — moot.

In his original complaint, Lunnin requested "equitable relief in the form of an order directing the defendants to provide the plaintiff with future installation work under reasonable terms consistent with those given to other experienced carpet installers."  That is injunctive relief, pure and simple.  Title

-6-

III of the ADA envisions such relief in an appropriate case. See 42 U.S.C. §§ 12188(a)(1), 2000a-3(a); see also Dudley v. Hannaford Bros. Co., 333 F.3d 299, 304 (1st Cir. 2003).

The rub is that Lunnin, who is now deceased, cannot conceivably benefit from such an order. Neither can the Executrix, who is merely administering Lunnin's estate and not carrying on his business. Because Lunnin's death divests an injunction to bar future acts of discrimination of all utility, such an injunction cannot issue. After all, a federal court may not grant injunctive relief when, as in this case, intervening events have eliminated any reasonable anticipation that the aggrieved party will, in the future, be faced with a recurrence of the alleged harm. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Metro-Goldwyn Mayer, Inc. v. 007 Safety Prods., Inc., 183 F.3d 10, 15 (1st Cir. 1999).

In reaching this result, we do not break new ground. This branch of the mootness doctrine often has been invoked as a basis for dismissal when the court is faced with the death of a plaintiff who has requested injunctive relief peculiar to his situation. See, e.g., Hall v. Unum Life Ins. Co., 300 F.3d 1197, 1207 n.5 (10th Cir. 2002); Harrow v. Prudential Ins. Co., 279 F.3d 244, 249 (3d Cir. 2002); Plumley v. Landmark Chev., Inc., 122 F.3d 308, 312 (5th Cir. 1997). In concert with this impeccable line of authority, we hold that this aspect of the case is moot.

## B.

### Monetary Damages

The plaintiff's complaint also included a demand for compensatory and punitive damages stemming from the alleged violation of Title III of the ADA. A finding of mootness with respect to a prayer for injunctive relief does not automatically render a companion claim for monetary damages moot. Typically, a substituted plaintiff, such as a decedent's personal representative, has a legally cognizable interest in the recovery of money damages owed to the decedent's estate. See Consol. Rail Corp. v. Darrone, 465 U.S. 624, 630 (1984). Consequently, if Lunnin had a viable claim for compensatory or punitive damages arising out of the defendants' past conduct, that claim ordinarily would survive his death and Article III's "case or controversy" element would to that extent be satisfied. See Hall, 300 F.3d at 1207 n.5; Harrow, 279 F.3d at 249.

It is against this backdrop that we appraise the viability of the Title III claim for money damages. That appraisal entails review of the summary judgment granted in favor of the defendants on the damages aspect of the Title III claim. We afford de novo review to the disposition of a summary judgment motion. Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000). We will affirm the entry of summary judgment as long as the record reveals "that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In conducting this tamisage, we use the same criteria that guided the lower court and draw all reasonable inferences in the nonmovant's favor. Cox v. Hainey, 391 F.3d 25, 29 (1st Cir. 2004); Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 8 (1st Cir. 2004).

In an appellate venue, we are not bound by the district court's reasoning and may affirm a summary judgment order on any ground made manifest by the record. Cox, 391 F.3d at 29; Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 184 (1st Cir. 1999). Exercising this latitude, we choose to focus on the question of whether Title III provides a damages remedy at all.[2] If it does not, the appellant's claim fails.

The Executrix asserts that the Title III claim is actionable because that statute contemplates awards of damages to private parties. In considering this question, "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Alexander v. Sandoval, 532 U.S. 275, 286 (2001); see Transamerica Mortg. Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16 (1979) (noting that "what must ultimately be

---

[2]In taking this approach, we leave for another day the more nuanced question of whether C.N.J.'s warehouse can be deemed a public accommodation.

determined is whether Congress intended to create the private remedy asserted").

Where, as here, an issue turns on a question of statutory construction, "the beginning point must be the language of the statute." Riva v. Massachusetts, 61 F.3d 1003, 1007 (1st Cir. 1995). In this instance, the statute, 42 U.S.C. § 12188, establishes a remedial scheme for the enforcement of Title III of the ADA by incorporating the anodynes available under Title II of the Civil Rights Act of 1964:

> The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability . . . or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title.

42 U.S.C. § 12188(a)(1). In turn, the applicable enforcement provision, 42 U.S.C. § 2000a-3(a), states that a "person aggrieved" may institute "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." By the plain terms of that provision, a private party may obtain only forward-looking relief; damages for past harms are not available. See Newman v. Piggy Park Enters., 390 U.S. 400, 402 (1968) (per curiam); cf. 42 U.S.C. § 12188(b)(2)(B) (authorizing federal courts to award money damages

-10-

to persons aggrieved in parens patriae suits brought by the Attorney General under Title III).

This court has recognized that section 12188(a)(1) does not contemplate an award of money damages in suits brought by private parties. See Dudley, 333 F.3d at 304 (explaining that the "compendium of remedies" afforded by section 12188(a)(1) includes injunctive relief, but not money damages). Several other courts of appeals have reached the same conclusion. See, e.g., Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 86 (2d Cir. 2004); Bowers v. NCAA, 346 F.3d 402, 433 (3d Cir. 2003); Am. Bus Ass'n v. Slater, 231 F.3d 1, 5 (D.C. Cir. 2000); Smith v. Wal-Mart Stores, Inc., 167 F.3d 286, 293 (6th Cir. 1999); Jairath v. Dyer, 154 F.3d 1280, 1283 n.7 (11th Cir. 1998). This unbroken skein of cases makes manifest that money damages are not an option for private parties suing under Title III of the ADA. Accordingly, the district court correctly concluded that it lacked jurisdiction to consider the plaintiff's claims for either compensatory or punitive damages.

The Executrix strives to convince us that the "other order" language contained in section 2000a-3(a), quoted supra, encompasses within its purview a broad panoply of equitable remedies, including an award of restitution. This premise does not help the Executrix because her claim for money damages does not fall plausibly within the rubric of restitution. Restitution is a remedy associated with the concept of unjust enrichment. LaRocca

-11-

v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002). The remedy of restitution is available only when equitable considerations demand that a party disgorge an undeserved benefit or gain. See Texaco P.R., Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 875 (1st Cir. 1995). The complaint in this case contains no averment that the defendants were unjustly enriched (or enriched at all, for that matter) by the allegedly discriminatory conduct.

The Executrix's argument is flawed in another respect. At bottom, restitution is a retrospective remedy. It is designed to restore funds previously taken. See LaRocca, 276 F.3d at 28. So viewed, restitution does not fit into the taxonomy of "preventive relief," which is the only type of relief authorized by section 12188(a)(1). Restitution is, therefore, unavailable in a Title III claim. See Dudley, 333 F.3d at 304 (stating that the remedies available under section 12188(a)(1) redress prospective rather than retrospective harm).

The Executrix's position is not furthered by her citation to cases such as Lussier v. Runyon, 50 F.3d 1103 (1st Cir. 1995). Those cases involve claims for retaliation. Under the ADA, retaliation claims arise not under Title III but, rather, under Title V, 42 U.S.C. § 12203. See Olivaris-Sifre v. P.R. Dep't of Health, 214 F.3d 23, 25-26 (1st Cir. 2000); Darian v. Univ. of Mass. Boston, 980 F. Supp. 77, 79 n.2 (D. Mass. 1997). No such claim lies under Title III, see Freilich v. Bd. of Dirs. of Upper

-12-

<u>Chesapeake Health, Inc.</u>, 142 F. Supp. 2d 679, 699-701 (D. Md. 2001), and the complaint embodies no claim under Title V.[3]

If more were needed — and we doubt that it is — Lunnin waived any available Title V claim. Under the familiar raise-or-waive rule, legal theories not asserted in the lower court cannot be broached for the first time on appeal. <u>See</u> <u>Rodi</u> v. <u>S. New Engl. Sch. of Law</u>, 389 F.3d 5, 19 n.3 (1st Cir. 2004). Lunnin never pleaded a claim for retaliation under Title V in his district court complaint. Rather, he stated explicitly that his ADA claims were brought under Title I (later abandoned) and Title III. Lunnin's failure to assert a retaliation claim in the court below brings this case squarely within the raise-or-waive rule. Consequently, the belated assertion of such a claim cannot provide a basis for upsetting the summary judgment order.

## C.

### Attorneys' Fees

The Executrix makes a last-ditch argument that the potential for an award of attorneys' fees saves her Title III claim. That argument is unconvincing. A litigant's interest in a possible award of attorneys' fees is not enough to create a justiciable case or controversy if none exists on the merits of the

---

[3]The plaintiff also cites <u>Odin</u> v. <u>Prudential Ins. Co.</u>, 798 F.2d 1 (1st Cir. 1986), a case decided four years before the passage of the ADA. That case adds nothing to our deliberations.

underlying claim.  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990).  As the Lewis Court stated:

> Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs.

Id.; see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107-08 (1998) (concluding that "[t]he litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself"); N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester County Taxi & Limo. Comm'n, 272 F.3d 154, 159 (2d Cir. 2001) (similar).

In an effort to blunt the force of this logic, the Executrix asseverates that a freestanding award of fees may be made under the authority of 42 U.S.C. § 2000e-5(g) even when other relief is unavailable.  We need not dwell upon the merits of that asseveration because the Executrix overlooks the fact that section 2000e-5(g) does not apply to claims under Title III.  Only the remedies in section 2000a-3(a) are applicable to Title III claims.  See 42 U.S.C. § 12188 (a)(1); see also Dudley, 333 F.3d at 304.

### III.

### Conclusion

We need go no further.  For the reasons elucidated above, we dismiss the appeal as moot insofar as it concerns the claim for

-14-

injunctive relief and summarily affirm the grant of summary judgment in the defendants' favor as to the claims for pecuniary damages and attorneys' fees.  <u>See</u> 1st Cir. R. 27(c).  All parties shall bear their own costs.

        <u>          **So Ordered**</u>.