PROCURADOR DE PERSONAS
CON IMPEDIMENTOS, et
al., Plaintiffs,

v.

MUNICIPALITY OF SAN JUAN,
et al., Defendants.

Civil No. 06–1680 (GAG).

United States District Court,
D. Puerto Rico.

April 2, 2008.

Nora Vargas–Acosta, De Jesus, Hey & Vargas Law Office, San Juan, PR, for Plaintiffs.

Michael C. McCall, Ivan M. Castro–Ortiz, Aldarondo & Lopez Bras, Guaynabo, PR, Frank Gotay–Barquet, Gotay & Perez, P.S.C., Iris Alicia Martinez–Juarbe, Jose Enrico Valenzuela–Alvarado, Department of Justice, Director of Legal Affairs, San Juan, PR, for Defendants.

### OPINION AND ORDER

GUSTAVO A. GELPÍ, District Judge.

This is an action for declaratory and injunctive relief under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794(a); the Civil Rights Act of 1871, 42 U.S.C. § 1983; and Commonwealth law. Plaintiffs are the Procurador de Personsas con Impedimentos and Oficina del Procurador de Personas con Impedimentos [1] (hereinafter collec-

---

1. The "Oficina del Procurador de Personas con Impedimentos" is the Office of the Dis-

tively "OPPI"), Guillermo Ríos Maldonado ("Ríos"), Magaly del Carmen Maldonado Brigoni ("Maldonado"), and William Ríos Rivera ("Ríos Rivera"). The amended complaint names as defendants several Municipality of San Juan agencies and officials (hereinafter collectively "Municipal Defendants") and several Commonwealth of Puerto Rico agencies and officials (hereinafter collectively "Commonwealth Defendants"). Plaintiffs base their action on Defendants' alleged failure to provide sidewalk accessibility to disabled persons.

Pending before the court is Municipal Defendants' motion for judgment on the pleadings (Docket No. 64) filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After a thorough review of the parties' submissions and the applicable law, the court **GRANTS IN PART** and **DENIES IN PART** the motion for judgment on the pleadings (Docket No. 64).

## I. Standard of Review

The court decides a Rule 12(c) motion under the same standard it applies to Rule 12(b)(6) motion to dismiss. *Marrero–Gutierrez v. Molina,* 491 F.3d 1, 5 (1st Cir. 2007). Accordingly, to survive a Rule 12(c) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir.2008). The court accepts as true all well-pleaded facts and views those facts in the light most favorable to the plaintiff. *Gagliardi,* 513 F.3d at 305. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Twombly,* 127 S.Ct. at 1965 (footnote and citations omitted).

## II. Factual Background

This is an important and complicated case dealing with the problem of limited sidewalk access for disabled persons. This case, however, is not unique. Litigants in other jurisdictions have called upon the courts to address this significant issue in one way or another. *See, e.g., Iverson v. City of Boston,* 452 F.3d 94 (1st Cir.2006); *Ability Ctr. of Greater Toledo v. City of Sandusky,* 385 F.3d 901 (6th Cir.2004); *Barden v. City of Sacramento,* 292 F.3d 1073 (9th Cir.2002); *Lonberg v. City of Riverside,* Civil No. EDCV 97–0237–SGL (AJWx), 2007 U.S. Dist. LEXIS 38824 (C.D.Cal. May 15, 2007); *Jones v. White,* Civil Action No. H–03–2286, 2006 WL 3358646, 2006 U.S. Dist. LEXIS 84052 (S.D.Tex. Nov. 17, 2006); *N.J. Prot. & Advocacy, Inc. v. Twp. of Riverside,* Civil No. 04–5914(RBK), 2006 WL 2226332, 2006 U.S. Dist. LEXIS 56478 (Aug. 2, 2006); *Deck v. City of Toledo,* 56 F.Supp.2d 886 (N.D.Ohio 1999). In this case, Plaintiffs seek relief associated with the public sidewalks within the Municipality of San Juan.

The individual plaintiffs reside in San Juan on Américo Miranda Avenue. Ríos has cerebral palsy and relies upon a wheelchair for mobility. Maldonado is Ríos's mother. Rivera Ríos, Maldonado's husband and Ríos's father, passed away after filing of this lawsuit. Prior to his death, Rivera Ríos suffered from diabetes and lung cancer. He also relied upon a wheelchair for mobility.

The Puerto Rico legislature created OPPI to protect and defend the rights of and solve the problems faced by persons with disabilities. *See* P.R. Laws Ann. tit.

abled Persons Investigating Official. P.R. Laws Ann. tit. 3, § 532. The "Procurador" is the investigating official, or ombudsman, ap-

pointed to direct the office. *Id.* §§ 532a(e), 532b–1.

3, § 532b. Puerto Rico law endows OPPI with the power to oversee governmental and private compliance with laws enacted to protect people with disabilities. *See id.* § 532e. Disabled persons have complained to OPPI about the lack of public sidewalk accessibility in San Juan. Specifically, OPPI constituents have encountered a number of barriers making San Juan's sidewalks inaccessible to disabled persons, including sidewalks lacking curb ramps entirely, blocked curb ramps, curb ramps failing to comply with ADA size and safety requirements, sidewalks lacking necessary space to allow wheelchair access, and curb ramps in use for purposes other than pedestrian travel without providing any alternative for a person with disabilities. These barriers deny persons with disabilities access to public and private services along the affected avenues and public and private services accessible only using the avenues. Architectural barriers, lack of curb ramps, and vehicles parked in front of businesses prevent Ríos, an OPPI constituent, from accessing the sidewalks around his home. The lack of sidewalk access interferes with his attempts to attend medical appointments, reach the bus stop, and engage in social and community interaction, among other activities. When curb ramps were constructed on certain blocks along Américo Miranda Avenue, the new curb ramps failed to comply with the applicable regulations.

OPPI has confirmed that many of the sidewalks on Américo Miranda Avenue, Jesus T. Piñero Avenue, Borinqueña Avenue, Ashford Avenue, and De Diego Street lack accessibility for persons with disabilities. OPPI has failed in its efforts to obtain compliance with laws that mandate sidewalk accessibility for persons with disabilities. Consequently, Plaintiffs filed this action seeking injunctive and declaratory relief that would require Municipal and Commonwealth Defendants to improve sidewalk access for people with disabilities. Municipal Defendants now seek judgment on the pleadings in their favor.

## III. Discussion

Municipal Defendants' motion for judgment on the pleadings asserts several grounds purportedly warranting dismissal of all of Plaintiffs' claims. First, Municipal Defendants attack Plaintiffs' standing. Second, they contend that Ríos Rivera's death renders his claims moot. Third, Municipal Defendants challenge the sufficiency of Plaintiffs' ADA, Rehabilitation Act, and Equal Protections claims; they allege that Plaintiffs' amended complaint fails to state a claim upon which relief can be granted under any of the invoked statutes. Finally, Municipal Defendants argue that Plaintiffs failed to join indispensable parties. The court has considered all arguments raised by the parties and concludes that it must grant in part and deny in part the motion for the judgment on the pleadings.

### A. Standing

Municipal Defendants' motion begins by challenging OPPI's standing. Article III of the United States Constitution imposes a "case or controversy" limitation on federal jurisdiction. *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). The "case or controversy" limitation requires that a party invoking federal jurisdiction have standing, that is a personal stake in the outcome. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Constitutional and prudential considerations comprise the standing requirement. *Id.* To satisfy the constitutional component, the party invoking federal jurisdiction must demonstrate that: (1) she has suffered some actual or threatened injury as a result of the challenged conduct; (2) the injury is fairly traceable to the defen-

dant's challenged conduct; and (3) a favorable decision from the court will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Council of Ins. Agents & Brokers v. Juarbe–Jiménez*, 443 F.3d 103, 108–09 (1st Cir.2006). Prudential limitations include "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Allen*, 468 U.S. at 751, 104 S.Ct. 3315 (1984); *see also Nkihtaqmikon v. Impson*, 503 F.3d 18, 26 (1st Cir.2007).

▮ Special constitutional standing rules may apply when an association or organization invokes federal jurisdiction. *See Juarbe–Jiménez*, 443 F.3d at 108. In the absence of an injury to itself, an organization may have standing as a representative of its members. An organization may file suit on its members' behalf if: (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) the participation of individual members in the lawsuit is not required. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *Juarbe–Jiménez*, 443 F.3d at 108. The first and second requirements of the *Hunt* test are constitutional; the third is prudential. A government protection and advocacy agency may have organizational standing where its constituents constitute the functional equivalent of members. *See Hunt*, 432 U.S. at 344, 97 S.Ct. 2434 (recognizing

state agency's organizational standing where agency "for all practical purposes" performed functions of private trade association); *see also Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1110 (9th Cir.2003) (deeming government advocacy agency functional equivalent of voluntary membership organization for standing purposes); *Doe v. Stincer*, 175 F.3d 879, 886 (11th Cir.1999) (recognizing advocacy agency's standing where constituents possessed indicia of membership in organization). *But see Ass'n for Retarded Citizens v. Dallas County Mental Health & Retardation Ctr. Bd. of Trustees*, 19 F.3d 241, 244 (5th Cir.1994) (holding protection agency lacked standing to sue on behalf of constituents).

▮ The court concludes that OPPI has organizational standing to assert claims as to all geographic areas mentioned in the amended complaint.[2] The statutes governing OPPI's operations and the allegations in the amended complaint reveal sufficient indicia of a membership organization to permit OPPI to file suit on behalf of the specialized segment of society it seeks to represent. Additionally, OPPI has satisfied the three prongs of the *Hunt* organizational standing test. The allegations in the amended complaint establish that Ríos, a member of OPPI's constituency, undeniably has standing to sue.[3] The amended complaint also contains sufficient allegations to support standing for OPPI's other constituents who have encountered barriers or lack of curb ramps on the named sidewalks in San Juan. Specifically, the amended complaint alleges that Ríos and other OPPI constituents have encountered barriers, lack of curb ramps, curb ramps

---

**2.** Because the court concludes that OPPI has organizational standing, it declines to address whether OPPI has standing the sue on its own behalf or whether it has third-party standing.

**3.** OPPI concedes that Ríos has standing to pursue his claims related to Américo Miranda Avenue. At this time, the court will not limit Ríos's and his mother's claims to just that avenue.

that do not comply with regulations, and other obstacles that negatively impact their ability to move around the city, to utilize private and public services including public transportation, to attend medical appointments, and to interact in community and social settings, among other activities. Such allegations demonstrate an injury in fact. The amended complaint's allegations that the Municipality of San Juan is responsible for providing and maintaining sidewalks satisfy the causal connection prong of the standing test. Finally, a favorable decision by this court would compel the Municipality to improve sidewalk access and, consequently, redress Plaintiffs' injuries. OPPI has, therefore, satisfied the first prong of the *Hunt* test. Regarding the second prong, OPPI "serve[s] as a coordinating instrument to handle and expedite the solution of the problems, needs and claims of disabled persons...." P.R. Laws Ann. tit. 3, § 532b. In light of such a statutory declaration, one cannot not deny that the interests OPPI seeks to protect in this litigation are germane to its purpose. Finally, with respect to the third prong, an individual plaintiff's participation is not necessary to grant the relief OPPI requests in this litigation. The claims rely upon the presence of architectural barriers limiting sidewalk access for persons with disabilities and seek equitable relief only. Such claims do not require the testimony of any individual plaintiff. Accordingly, OPPI has demonstrated its standing to sue as a representative of its constituents.

█ Contrary to Municipal Defendants' assertion, prudential considerations do not prevent litigation of Plaintiffs' claims. Plaintiffs are not raising someone else's legal rights. They do not assert generalized grievances; the harm Ríos, his mother, and OPPI's constituents identify is real and to themselves. The legislative branch has already addressed the issue of disability access. This case challenges Defendants' noncompliance with legislative mandates. Finally, Plaintiffs' amended complaint falls firmly within the zone of interests the ADA and Rehabilitation Act protect; they seek to remedy the type of harm the ADA and Rehabilitation Act seek to prevent. Therefore, Municipal Defendants' standing based-motion for judgment on the pleadings is denied.

## B.  William Ríos Rivera's Claims

Ríos Rivera seeks only injunctive relief and no damages. Municipal Defendants argue that Ríos Rivera's death renders his injunctive relief claims moot. *See Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 48–49 (1st Cir.2006) (acknowledging injunctive relief unavailable when intervening events eliminate any reasonable anticipation of recurrence of alleged harm to aggrieved party); *accord Wojewski v. Rapid City. Reg'l Hosp.*, 450 F.3d 338, 342 (8th Cir.2006) (finding ADA claim moot because plaintiff's death rendered injunctive relief impossible). Plaintiffs concede this point, stating, "Plaintiffs notified the parties and the Court that plaintiff William Ríos Rivera deceased. The only remedies requested herein are for injunctive relief not subject to inherited [sic]." Docket No. 68, p. 35. Consequently, the court dismisses Ríos Rivera's claims.

## C.  ADA and Rehabilitation Act Claims

█ Municipal Defendants' motion next argues that Plaintiffs fail to state a claim upon which relief can be granted under Title II of the ADA and the Rehabilitation Act. To establish a violation under Title II of the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated

against and (3) that such exclusion, denial, or discrimination was by reason of his disability. *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir.2000). In accordance with the approach taken by the parties and other courts, the court construes the ADA and Rehabilitation Act ·counts as presenting a single claim. *See, e.g., Parker*, 225 F.3d at 4 & n. 2 (noting First Circuit relies interchangeably on ADA Title II and Rehabilitation Act Section 504 law when applying either statutes). If Plaintiffs' ADA claim survives the motion, then their Rehabilitation Act claim survives as well.

■ Plaintiffs' amended complaint is sufficiently well-pled to pass Rule 12(c) muster. Viewing the facts in the light most favorable to Plaintiffs, the amended complaint sufficiently lays out a cause of action, with respect to all mentioned geographic areas, under Title II of the ADA. The amended complaint's factual allegations set forth a plausible entitlement to relief under the statute. The court notes that, as discovery in this case proceeds, the parties may be able to limit the controversies. The court will not, however, dismiss any part of Plaintiffs' ADA or Rehabilitation Act claim at this time.

### D. Equal Protection Claim

Municipal Defendants also move to dismiss Plaintiffs' Section 1983 claim anchored in a violation of the Equal Protection Clause. Plaintiffs clarify that they assert their equal protection claim against only the Commonwealth Police Department. *See* Docket No. 68, p. 35 ("Plaintiffs equal protection claim is set forth in paragraphs 81–84 of the amended complaint. It is asserted against the Commonwealth Police, not the Municipal [D]efendants.") To the extent that the amended complaint appears to assert an equal protection claim

against Municipal Defendants, the court dismisses that claim.

### E. Joinder of Indispensable Parties

■ Municipal Defendants' final argument faults Plaintiffs' alleged failure to join indispensable parties.[4] They contend that any remedy ordered in this case will affect property owners and businesses that operate on the relevant avenues. Consequently, Municipal Defendants assert, these entities have an interest in this litigation, and the court cannot grant complete relief without their participation. Municipal Defendants' argument does not convince the court.

Rule 19 of the Federal Rules of Civil Procedure controls joinder of parties. The rule sets up a two-step analytical process for determining when joinder of a party is required. *See Pujol v. Shearson/AMEX, Inc.*, 877 F.2d 132, 134 (1st Cir.1989). The first step requires the court to determine whether a party is necessary. Fed. R.Civ.P. 19(a); *see also Pujol*, 877 F.2d at 134. A party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or complete relief cannot be accorded among those already parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a). If the party is necessary but joinder is not feasible, the court proceeds to the second step. At the sec-

---

**4.** Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to file a motion to

dismiss for nonjoinder of an indispensible party. Fed.R.Civ.P. 12(b)(7).

ond step, the court must consider whether the party is indispensable. Fed.R.Civ.P. 19(b); *see also Pujol*, 877 F.2d at 134.

Municipal Defendants' motion briefly addresses the first step of the analysis. The motion states that property owners' and business owners' "proprietary and economic interest[s]" would be affected by any relief granted in this action. Docket No. 64, pp. 29–30. This brief discussion does not demonstrate that property owners and business operators have a sufficient interest to render them necessary parties under Rule 19(a). *See United States v. San Juan Bay Marina*, 239 F.3d 400, 406 (1st Cir.2001) (deeming interest insufficient, and consequently party unnecessary, where party claimed wholly contingent interest). Based on the factual allegations and prayer for relief in the amended complaint, neither property owners nor business operators are necessary parties. Discovery may reveal that another entity does have a legally protected interest related to the subject matter of this action. If discovery so reveals, such an entity may intervene.

### F. Supplemental Claims Under Commonwealth Law

Federal claims remain in this case; Plaintiffs' ADA and Rehabilitation Act claims survive Municipal Defendants' motion for judgment on the pleadings. Accordingly, the court retains supplemental jurisdiction over Plaintiffs' Commonwealth law claims.

### IV. Conclusion

In light of the foregoing, the court hereby **GRANTS IN PART** and **DENIES IN PART** Municipal Defendants' motion for judgment on the pleadings (Docket No. 64). Ríos Rivera's claims are **DISMISSED.** Plaintiffs' equal protection claim against Municipal Defendants is also **DISMISSED.** All other claims remain.

**SO ORDERED.**