**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1915

JOHN EDWARD SCHOMAKER,

Plaintiff, Appellant,

v.

UNITED STATES, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

John Edward Schomaker on brief pro se.
Evan J. Roth, Special Attorney on brief for appellees.

June 9, 2009

**Per Curiam**.  John Schomaker appeals pro se the district court's grant of summary judgment to defendants, the United States, Assistant United States Attorney Arnold H. Huftalen, and John and Jane Doe property officers employed by the U.S. Attorney's Office for the District of New Hampshire.  In the underlying complaint, Schomaker asserted constitutional and state law tort claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, ("FTCA") and New Hampshire state law, arising from defendants' failure to return, and their subsequent destruction of, personal property seized in 1997 during the execution of a valid search warrant in connection with a criminal prosecution; defendants conceded that Schomaker was entitled to the return of at least some of the seized property at the conclusion of the criminal proceedings against him and that they received but failed to act on Schomaker's request for the return of that property.  Our review of the entry of summary judgment is de novo.  See Goodwin v. C.N.J., Inc., 436 F.3d 44, 49 (1st Cir. 2006).

On appeal, Schomaker's primary arguments are that the district court erred in determining the date his Fourth Amendment claim accrued and in failing to address whether his due process rights were violated based solely on lack of notice prior to the destruction of his property.  He also appears to challenge the district court's determination that, under the Westfall Act, 28

-2-

U.S.C. § 2679(d), defendant Huftalen was entitled to immunity with regard to the state law tort claims because he was acting within the scope of his employment at all relevant times. See Aversa v. United States, 99 F.3d 1200, 1207 (1st Cir. 1996). We have carefully reviewed the record and the parties' submissions and, substantially for the reasons stated in the district court's May 13, 2008, Memorandum and Order, we affirm.

**DISCUSSION**

**I. Accrual of Fourth Amendment Claim; Equitable Tolling**

In his complaint, Schomaker expressly asserts that he was entitled to the return of his property upon the completion of the criminal proceedings and that defendant Huftalen and the unidentified property officers violated his Fourth Amendment rights by "ma[king] an un[c]onstitutional Property Seizure when they exercised dominion and control over Plaintiff's property and unlawfully detained Plaintiff's property when they refused to take the necessary steps, upon the repeated demands of Plaintiff, to effect the release of Plaintiff's property to Plaintiff's Authorized Agents . . . ." Since Schomaker does not contest the validity of the original seizure of his property in 1997, the district court's determination that the injury upon which this claim is based is defendants' failure to release the property upon Schomaker's "repeated demands" is unassailable. The district court therefore correctly found that the claim accrued when Schomaker

-3-

knew or had reason to know that the government's retention of the property became wrongful--i.e., when defendant Huftalen received and failed to respond to Schomaker's concededly rightful request to release the property, on or about July 13, 1998. Schomaker does not dispute that his claim was subject to New Hampshire's three-year general personal injury statute of limitations, see N.H. Rev. Stat. Ann. § 508:4; Roman v. Townsend, 224 F.3d 24, 26-27, 29 (1st Cir. 2000); accordingly, since his Fourth Amendment claim was not filed until nearly nine years after the date of accrual, it was properly deemed untimely.

To the extent that Schomaker contends that equitable tolling is warranted because, under the district court's analysis, a constitutional claim based on the failure to return property or the destruction of property might accrue and expire before a timely request for the return of property is made, he fails to distinguish between the separate triggering events that would cause each of these claims to accrue. Contrary to Schomaker's suggestion, none of these claims could accrue without the claimant being aware or having reason to be aware of the triggering event. Thus, for the reasons stated by the district court, Schomaker failed to demonstrate that any exceptional circumstances sufficient to warrant equitable tolling were present. See Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 71 (1st Cir. 2005).

## II. Fifth Amendment - Procedural Due Process

Schomaker next argues that the district court erred in failing to address whether his due process rights were violated based solely on lack of notice prior to the destruction of his property. We agree that Schomaker failed to present evidence sufficient to support an inference that defendants' retention of the property, their failure to safeguard it or the ultimate destruction of the property was the result of intentional or reckless conduct. The district court correctly determined that negligent conduct resulting in an unintended loss of property was insufficient to support a due process claim, see Daniels v. Williams, 474 U.S. 327, 328 (1986), and, "where a government official is merely negligent in causing [an] injury, no procedure for compensation is constitutionally required." Davidson v. Cannon, 474 U.S. 344, 347 (1986).

## III. Immunity Under the Westfall Act

Although Schomaker purports to challenge the district court's grant of "qualified immunity" to defendant Huftalen, since the district court did not reach that issue, it appears that Schomaker's argument is directed instead toward the district court's determination that Huftalen was entitled to immunity with regard to the state law tort claims because he was "acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

-5-

Schomaker argues on appeal, as he did in the district court, that defendant Huftalen was not acting within the scope of his employment because his conduct--in particular, his failure to respond to Schomaker's requests for the return of his property and his failure to safeguard or keep adequate records concerning Schomaker's property-violated standards of professional responsibility, rules of court and state law. However, Schomaker failed to present any evidence that would suggest that any of defendant Huftalen's acts and omissions with respect to Schomaker's property rose above the level of negligence, or that he acted with any motive unrelated to his work. For the reasons set forth by the district court, we agree that the record is insufficient to support an inference that defendant Huftalen acted outside the scope of his employment. The district court therefore properly substituted the United States as the defendant with respect to Schomaker's state law claims. See 28 U.S.C. § 2679(d)(1).

**IV. Sovereign Immunity**

Although the district court did not address the issue, the government argued that Schomaker's state law claims were barred because they fell within one of the enumerated exceptions to the FTCA's limited waiver of sovereign immunity, which exempts from the coverage of the statute "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law-enforcement officer."

-6-

28 U.S.C. § 2680(c). The Supreme Court has construed this exemption expansively to bar "'any claim arising out of' the detention of goods, includ[ing] a claim resulting from negligent handling or storage of detained property," Kosak v. United States, 465 U.S. 848, 854 (1984), and has held that the phrase "any other law enforcement officer" should be construed broadly to apply to all "law enforcement officers of whatever kind." Ali v. Fed. Bureau of Prisons, 128 S.Ct. 831, 836, 840-41 (2008). Schomaker argued that the exception was inapplicable because the employees of the U.S. Attorney's Office who had custody of his property did not qualify as "law enforcement officers." We have not yet had occasion to decide this issue and decline to reach it now because we find that Schomaker's tort claims are barred for another reason.

## V. Effect of "No Asset" Bankruptcy Discharge

Defendants argued below that Schomaker's March 1998 "no asset" bankruptcy discharge also barred him from asserting any claim for damages with respect to the failure to return or the destruction of the seized property. Schomaker filed a Chapter 7 voluntary bankruptcy petition in October 1997 (while his criminal case was pending), in which he claimed personal property, including a computer and a camera, as exempt and also denied that anyone was holding any property that belonged to him, stating that "Any property I own has been taken as evidence by the U.S. Marshal as evidence in a pending court case. This includes my computer,

-7-

printer, monitor, and camera.  It is unlikely that these objects will be returned to me."  Based on those representations, Schomaker was granted a "no asset" discharge on March 3, 1998, about two weeks after he was sentenced.

Defendants maintain that the property for which Schomaker now seeks compensation either was or should have been included in the bankruptcy estate, and that this action therefore is subject to dismissal based on judicial estoppel and/or lack of standing.  In opposition to this argument, Schomaker argued that the seized property was different than (and, apparently, more valuable than) the equipment claimed exempt in the bankruptcy proceeding; he asserts that the computer seized from his house was a "Packard Bell 486DX2" and that the computer claimed exempt was a "V-Tech" "Laser 128EX" that he kept at his parents' house.  He explains that, at the time he filed the bankruptcy petition, he mistakenly believed that the seized property was subject to forfeiture, and he therefore did not believe it qualified as an asset or that he was required to disclose its value; he suggests that, since he stated in his bankruptcy filings that the computer equipment had been seized and was not available to him, his disclosure was adequate and not intentionally misleading, and he should not now be barred from bringing an action to recover for its loss.  This argument is unavailing.

First, Schomaker's failure to distinguish between the "computer" identified in the list of exempt property and that referenced in the Interrogatory responses, and his use of the singular "my computer" in those responses, suggests that the seized computer and the computer claimed exempt were one and the same. If that were the case, Schomaker would be estopped from seeking to recover for the loss of that property in this case because, to the extent that he now claims over $34,000 in damages resulting from that loss, his position seems to be intentionally inconsistent with his sworn statements in the bankruptcy proceeding that the property was worth less than $1,000. See Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993) (former debtor was judicially estopped from asserting monetary claims omitted from schedules supporting Chapter 11 petition); Oneida Motor Frieght, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir. 1988) ("A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights."); Estel v. Bigelow Management, Inc., 323 B.R. 918 (E.D. Tex. 2005) (former chapter 7 debtor was judicially estopped from maintaining discrimination action because he failed to disclose claims in bankruptcy schedules; alternatively, because the cause of action was property of his bankruptcy estate, employee lacked standing to bring suit);

<u>Chandler</u> v. <u>Samford Univ.</u>, 35 F. Supp.2d 861 (N.D. Ala. 1999) (involving Chapter 13 case that was converted to a "no asset" Chapter 7 one month after debtor filed discrimination suit she had failed to disclose to the bankruptcy court; court held that debtor's representations that she had "no assets" were inconsistent with her later assertion of claims against the defendant).

However, even assuming Schomaker's explanation is sufficient to create an issue of fact as to whether the seized computer referenced in the Interrogatory responses was different and more valuable than the one claimed as exempt personal property, and even if he mistakenly believed that the seized property was subject to forfeiture and therefore did not constitute an asset, since it is undisputed that the property was *not* in fact the subject of a forfeiture proceeding, the property, or any cause of action to recover it or compensation for its loss would have been an asset of the bankruptcy estate held by the U.S. Trustee for the benefit of the creditors; the fact that Schomaker mistakenly omitted the property and its value from the assets listed in the petition does not give him standing to recover for its loss. <u>See</u> 11 U.S.C. §§ 323, 521, 541. <u>See</u> <u>also</u> <u>Estel</u>, 323 B.R. at 924. Thus, whether Schomaker has taken an intentionally inconsistent position with regard to the value of the seized property in this action or failed to disclose its value in the bankruptcy proceeding because he mistakenly believed it was subject to forfeiture, he is

not entitled to seek compensation for its loss.  See <u>Payless</u> <u>Wholesale Distributors, Inc.</u>, 989 F.2d at 571; <u>Estel</u>, 323 B.R. 918.

**CONCLUSION**

In sum, we conclude that Schomaker's Fourth Amendment <u>Bivens</u> claim was properly dismissed as time-barred, his Fifth Amendment <u>Bivens</u> claim was properly denied because he failed to establish that the challenged conduct was sufficient to support a constitutional claim, the individual defendants were properly granted immunity from the state law tort claims under the Westfall Act and the United States substituted as the sole defendant, and the FTCA claims were properly dismissed either because they were barred under 28 U.S.C. § 2680(c), because the individual claims failed on the merits, or because Schomaker was estopped from seeking substantial damages for the loss of property that either had de minimis value or was improperly omitted from the list of assets in his bankruptcy petition.  The judgment of the district court is therefore <u>affirmed</u>. <u>See</u> 1st Cir. Loc. R. 27.0(c).